UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case Number: 18-20719-13

v.

                                            Honorable Thomas L. Ludington

D-13, NOLAN WOODS II,                  Magistrate Judge Patricia T. Morris

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR BOND**

On July 10, 2019, Defendant Nolan Woods II was indicted on one count of conspiracy to possess with intent to distribute and to distribute cocaine base and one count of use of a communication facility. ECF No. 157.

On July 25, 2019, Magistrate Judge Morris held a detention hearing and found "by clear and convincing evidence, that there is no condition or combination of conditions which will reasonably assure the safety of the community" if Defendant were released on bond. ECF No. 203 at PageID.670. In reaching her decision, she considered Defendant's criminal history. Her order provides:

> Defendant was convicted of the following as an adult: in 2002, felony assault with a dangerous weapon, felony firearm, felony carrying a weapon with unlawful intent, and attempt felony carjacking; in 2014, felony controlled substance delivery less than 50 grams; in 2014, felony fleeing a police officer, felony resist/obstruct a police officer, and misdemeanor operating with the presence of a controlled substance (this offense was committed while the Defendant was on bond)(Defendant was terminated from supervision on July 26, 2017 for fleeing a police officer and habitual offender 4th); and in 2017, misdemeanor driving while license suspended (this offense was committed while on MDOC supervision).

*Id.* at PageID.669.

On November 5, 2019, Defendant pleaded guilty at a hearing before Judge Morris. ECF No. 282. Judge Morris recommended that the plea be accepted and on December 12, 2019, her recommendation was adopted. ECF Nos. 317, 326.

Defendant is currently being housed in Isabella County Jail in Mt. Pleasant, Michigan and is scheduled to be sentenced on May 28, 2020. On April 7, 2020 he filed a motion for bond, claiming that coronavirus is capable of spreading through prison populations. ECF No. 356. In accordance with 20-AO-024, Plaintiff filed a response on April 10, 2020. ECF No. 358.

For the following reasons, Defendant's motion will be denied.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus pandemic. The Governor of Michigan explained that "[t]he novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease." E.O. 2020-21. The Governor has issued a "Stay Home, Stay Safe" order which closed all non-essential businesses and requires Michigan residents to stay home, unless they are essential workers, or meet certain exceptions. *Id.* Michigan has the third highest number of cases of COVID-19 in the nation. *Coronavirus in the U.S.: Latest Map and Case Count*, The New York Times, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last updated Apr. 7, 2020).

In an effort to contain the spread of the virus, Governor Whitmer has implemented temporary procedures for Michigan Department of Corrections facilities. E.O. 2020-29. In addition, the CDC's Interim Guidance for detention facilities explain that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 7, 2020). The CDC provides extensive guidance for correctional facilities to decrease the probability of a COVID-19 outbreak in their facility. *Id.*

**II.**

The Bail Reform Act provides that

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e)(1)

If a judicial officer finds by clear and convincing evidence that no conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. *Id.* at (e), (f). The factors relevant to the determination are: "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the

person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* at (g).

If a defendant has been found guilty and is awaiting sentencing, "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. 3143(a)(1).

## III.

Defendant's motion will be denied because he has not furnished evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* Defendant makes generalized claims about the possibility of COVID-19 spreading through jails and attempts to minimize the seriousness of his underlying offenses as involving "neither guns nor violence." ECF No. 356 at PageID.1552. However, he provides no evidence to rebut Judge Morris's finding that he poses a safety risk to the community.

Defendant argues that "18 U.S.C. §3143(a)(1) allows for release while a defendant awaits sentencing in spite of the requirement for mandatory detention under §3142(f)(1) if there are 'exceptional reasons why such a person's detention would not be appropriate.'" ECF No. 356 at PageID.1550-51. However, neither statutory provision that Defendant cites to supports such a proposition. Nor is his quoted material found in either statutory provision. The Court located Defendant's quoted material in 18 U.S.C. § 3145 which provides:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons why such person's detention would not be appropriate*.

18 U.S.C. § 3145(c) (emphasis added). As explained above, Defendant has not met the conditions of release set forth in 18 U.S.C. § 3143.

The COVID-19 pandemic is real and the threat to individual in detention centers must be acknowledged. There is an effort to release individuals who do not pose a risk to the public and who are more vulnerable to coronavirus from incarceration. *Barr Expands Early Release of Inmates at Prisons Seeing More Coronavirus Cases*, The New York Times, https://www.nytimes.com/2020/04/03/us/politics/barr-coronavirus-prisons-release.html (Apr. 3, 2020). However, the public health crisis does not change the legal standards for detention of individuals.

**IV.**

Accordingly, it is **ORDERED** that Defendant's motion for bond, ECF No. 356, is **DENIED**.

Dated: April 14, 2020                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge