UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case Number: 18-20719-13

v.

        Honorable Thomas L. Ludington
NOLAND WOODS II,        Magistrate Judge Patricia T. Morris

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION, FINDING DEFNDANT DOES NOT QUALIFY FOR CAREER OFFENDER STATUS, DIRECTING PROBATION DEPARTMENT TO AMEND THE PRESENTENCE INVESTIGATION REPORT, OVERRULING AS MOOT DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT, AND DENYING AS MOOT MOTION TO NOT USE 2014 DRUG CONVICTIONS TO ENHANCE SENTENCE**

On July 10, 2019, Defendant Noland Woods II was indicted on one count of conspiracy to possess with intent to distribute and to distribute cocaine base and one count of use of a communication facility. ECF No. 157. Defendant pleaded guilty to the one count of conspiracy to possess with intent to distribute and to distribute cocaine base. ECF No. 317.

**I.**

Defendant's sentencing guidelines remains unresolved. At issue is whether Defendant qualifies as a career offender. Section 4B1.1 of the U.S. Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

> Section 4B1.2 defines "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or

        dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The U.S. Sentencing Guidelines commentary further provides, "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, Commentary 1.

## II.

In its Presentence Investigation Report ("PSR"), the Probation Department recommended that Defendant be sentenced as a career offender. It found that Defendant was at least 18 years old at the time of the offense and that his current offense, conspiracy to possess with intent to distribute and to distribute cocaine base, qualified as a controlled substance offense. It further identified two previous felony convictions. The first conviction was in 2002 in the 10th Circuit Court in Saginaw, Michigan for felonious assault and attempted carjacking. Defendant was 16 years old, but consented to plead guilty to the conviction as an adult. *See* ECF No. 339 at PageID.1383. The second conviction was for the delivery of 50 grams or less of cocaine base in 2014 when Defendant was 28 years old.

Defendant filed an objection to the PSR, contending that his first felony conviction should not increase his status to a career offender because he had been a minor when he pleaded guilty. ECF No. 339. He later filed a motion asking the Court to not use his 2014 drug conviction to enhance his sentence to that of a career offender. ECF No. 364.

Defendant has most recently filed a motion contending that he does not qualify as a career offender because his instant offense, conspiracy to possess with intent to distribute and to distribute cocaine base, does not qualify as a controlled substance offense under the recent Sixth Circuit

- 3 -

decision *United States v. Havis*. 927 F3d 382 (6th Cir. 2019); ECF No. 370. As explained by the Sixth Circuit:

> *Havis* provides that crimes not expressly identified in the text of § 4B1.2(b) cannot be added by the Sentencing Commission through commentary to the Guidelines. Although the specific facts of *Havis* involved an attempt crime, its reasoning applies with equal force to other inchoate crimes not listed in the text of § 4B1.2(b).

*United States v. Butler*, 2020 WL 2126465, at *3 (6th Cir. May 5, 2020) (citation omitted). The Sixth Circuit went on to find that "the Guidelines' definition of 'controlled substance offense' does not include conspiracy crimes." *Id.*

Defendant contends that he is not a career offender because his instant offense was a conspiracy crime. The Government filed a response to Defendant's motion, concurring that Defendant does not qualify as a career offender. ECF No. 372.

Accordingly, it is **ORDERED** that Defendant's Motion to Not Apply the Career Offender Status, ECF No. 370, is **GRANTED**.

It is further **ORDERED** that the Probation Department is directed to **AMEND** the Presentence Investigation Report by **June 30, 2020** consistent with this order, specifically that Defendant does not qualify as a career offender.

It if further **ORDERED** that Defendant's Objections to the Presentence Investigation Report, ECF No. 339, are **OVERRULED** as moot.

It is further **ORDERED** that Defendant's "Motion to Not Use His 2014 Drug Conviction for Career Offender Status," ECF No. 364, is **DENIED** as moot.

Dated: June 12, 2020                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge